UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREGORY TYRONE COTTON,

         Plaintiff,

-vs-                                  Case No. 8:05-cv-1607-T-17MSS

WINTER HAVEN POLICE DEPARTMENT,

         Defendant.

_____

## ORDER

Pro se prisoner Plaintiff, who is currently incarcerated in the Falkenburg Road Jail, Hillsborough County, Florida, filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 alleging that the Winter Haven Police Department violated his Fourth and Fourteenth Amendment rights by using unnecessary force against him in January 2003.

Plaintiff alleges that he was arrested at a Winter Haven Grocery Store parking lot, after the police caught him running from a male store employee. Plaintiff claims that he ducked under the police officer and the officer "pulled off my hooded shirt while fallin [sic] to the ground." He claims that the Officer struck him and ordered him to "lay down." Plaintiff alleges that while he was lying down, the officer stuck his knee in Plaintiff's back and handcuffed Plaintiff's left wrist. Plaintiff claims that he did not resist arrest.

Plaintiff alleges that the officer then "maced" him in the face and mouth and "cuffed my right wrist." According to Plaintiff, the officer then "proceeded to shove my arms up towards my head and yelled at me. Plaintiff contends that he told the officer he could not breathe, but the officer would not "let him up." Plaintiff alleges that he "passed out briefly"

and that when he regained consciousness and peeked through the "mace agents," he was standing up straight. Plaintiff claims that the officer struck him across the check and knocked him to the ground; that Plaintiff fell on his left side and remained that way so he could breathe.

Then, according to the Plaintiff, the officer "got in front of me and put his knee in the side of my head, and began to 'maul' his knee into the right side of his head, directly on his ear." Plaintiff contends that he still suffers aches and ailments from the injury. Plaintiff alleges that another officer arrived and that the arresting officer placed Plaintiff in the arresting officer's car and asked paramedics to examine him. Then, according to Plaintiff, he was placed in the second officer's car and taken away.

Plaintiff seeks to have this court to allow him to sue the Defendant, the Winter Haven Police Department, in this matter.

## STANDARD OF REVIEW

A complaint should be dismissed for improper party as a matter of law. *Dean v. Barber*, 951 F.2d 1210 (11th Cir.1992); *Post v. City of Ft. Lauderdale*, 750 F. Supp. 1131 (N.D. Ga.1990); *Eddy v. City of Miami*, 715 F. Supp. 1553 (S.D. Fla.1989); *Florida City Police Department v. Corcoran*, 661 So.2d 409 (Fla. 3d DCA 1995).

## DISCUSSION

A review of the alleged facts and the relevant law demonstrates that Plaintiff's complaint must be **DISMISSED**.

The issue before this Court is whether Defendant Winter Haven Police Department ("WHPD") is a "person" for the purpose of this suit under 42 U.S.C. § 1983. The definition

of "person" is dependent on the state law determination of whether the police department possesses the power to sue and be sued.

Defendant WHPD is a department for the City of Winter Haven, Florida, and therefore the WHPD is not a "person" under 42 U.S.C. § 1983, or Florida law. *Dean v. Barber*, 951 F.2d 1210 (11th Cir.1992); *Post v. City of Ft. Lauderdale*, 750 F. Supp. 1131 (N.D. Ga.1990); *Eddy v. City of Miami*, 715 F. Supp. 1553 (S.D. Fla.1989); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga.1984); *Florida City Police Department v. Corcoran*, 661 So.2d 409 (Fla. 3d DCA 1995).

Many courts have held police departments are not entities subject to suit. *Baldi v. City of Philadelphia*, 609 F. Supp. 162, 168 (E.D. Pa. 1985); *Reese v. Chicago Police Department*, 602 F. Supp. 441, 443 (N.D. Ill. 1984); *Bradford v. Gardner*, 578 F. Supp. 382, 383 (E.D. Tenn.1984); *Williams v. Baxter*, 536 F. Supp. 13, 16 (E.D. Tenn.1981). These cases hold that a police department is not separate from the city or county itself and, as such, is not a legal entity. Thus, suits must be brought against the city itself. A police department, which is not a registered entity within the State of Florida, is not subject to suit under 42 U.S.C. § 1983. As the *Eddy* Court held, where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit. *Eddy v. City of Miami*, 715 F. Supp. 1553.[1]

---

[1] Other courts have held that police departments were "persons" under § 1983 and therefore could be sued. *Pillette v. Detroit Police Department*, 661 F. Supp. 1145, 1150 (E.D. Mich.1987); *Gaborik v. Rosema*, 599 F. Supp. 1476, 1481 (W.D. Mich.1984); *Kennibrew v. Russell*, 578 F. Supp. 164, 166-167 (E.D. Tenn.1983).

The Eleventh Circuit Court of Appeals follows the holding that police departments are not entities subject to suit under § 1983. *Dean*, 951 F.2d 1210; *Eddy*, 715 F. Supp. 1553; *Florida City Police Department*, 661 So.2d 409 (Fla. 3d. DCA 1995).

Here, Plaintiff has sued the WHPD which is not a municipal corporation of the State of Florida within the meaning of Florida Statute § 768.28(2). Furthermore, in the present case, Defendant WHPD did not promulgate any governmental "custom" that might permit the WHPD to be directly sued under § 1983.

Because Defendant WHPD is not a proper party for the purpose of this complaint, the Court orders:

1. That Plaintiff's complaint is dismissed, with prejudice. The Clerk is directed to enter judgment against Plaintiff and to close this case.

2. That Plaintiff is assessed the $250.00 filing fee. The Clerk is directed to send a copy of this order to Inmate Accounting at the Falkenburg Road Jail, Hillsborough County, Florida.

ORDERED in Tampa, Florida, on September 1, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Gregory T. Cotton